Fletcher, J.
This is a bill in equity to compel a specific performance of an obligation to convey real estate, and the case was heard upon the bill and answer and proofs.
There are many things set out, both in the bill and answer, which are wholly immaterial, and many things, of which there are no proofs, and which therefore need not be at all considered.
The plaintiffs’ case rests wholly on a written obligation under seal, by which the defendant engaged to convey to the female plaintiff certain real estate described in the obligation, upon the payment by her of a certain stipulated sum of money on a day named.
Now it appears, or may be fairly presumed from the evidence, though the precise day is not positively fixed by the testimony, that on the day named in the obligation, the plaintiffs were ready and offered to pay the defendant the money to be paid by the wfife according to the obligation. The plaintiffs therefore have fully shown themselves to have been ready, desirous, prompt and eager to perform the contract on their part. They were ready to pay, and offered to the defendant to pay the money agreeably to the provision of the contract, and then and there requested the defendant to perform his part,
But the evidence shows a refusal, or at least a failure on the part of the defendant, to make the conveyance according to his obligation. He refused to convey simultaneously with the payment of the money, and required that the money should be paid to him in the first place, leaving the conveyance to be *319 made at another time. But the plaintiffs were entitled to a conveyance at the time of paying the money. Besides, there was a mortgage upon the estate, made by the defendant after he executed the obligation, which he was bound to remove, but when asked at the time when the plaintiffs offered the payment, 11 if the mortgage was, or was going to be lifted,” he replied only, that was his business, they, the plaintiffs, had nothing to do with the mortgage. As the plaintiffs were to receive only a quitclaim deed, they were entitled to have the incumbrance made by the defendant removed before they paid the money.
But it was said for the defendant, that it appeared from the evidence, that at the time the plaintiffs offered to make payment, they had not the money actually in hand. But it fully appeared, that they had the money within their reach and control, and could and would have made the payment on the day, if the defendant had shown a readiness and willingness to perform on his part. It was said, also, that the plaintiffs should have made a formal legal tender of the money; but this was not necessary; the conduct of the defendant fully excused the plaintiffs from doing any more than was done by them.
There must therefore be a decree in favor of the plaintiffs for a specific performance by the defendant, except as to the right of dower of the defendant’s wife, the plaintiffs not insisting on that, as it is not in the power of the defendant to convey his wife’s right to dower.
A. H. Nelson and A. A. Prescott, for the plaintiffs.
C. P. Judd (with whom was E. Buttrick,) for the defendant.